UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUBANA SINGH,

        Petitioner,

v.

        Case No. 4:25-cv-13358
        HONORABLE F. KAY BEHM

ERIC RARDIN,

        Respondent.

_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS (ECF No. 1) AS MOOT, AND DENYING THE EMERGENCY MOTION FOR EXPEDITED RULING (ECF No. 8)**

Petitioner Lubana Singh is a former federal prisoner who was previously confined at the Federal Correctional Institution in Milan, Michigan. In 2021, he pleaded guilty to conspiring to distribute and to possess with intent to distribute methamphetamine in the United States District Court for the Eastern District of Kentucky. *United States v. Singh*, No. 3:18-cr-180, ECF No. 130, (E.D. Ky.). He was sentenced to 70 months in prison to be followed by a five-year term of supervised release. *Id.*, ECF No. 158.

On October 21, 2025, Petitioner filed a pro se petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2241. (*See* Pet., ECF No. 1.) Petitioner

claims that the Bureau of Prisons (the "BOP") has refused to apply his earned time credits under the First Step Act and has withheld additional credits as a result of his immigration detainer. He therefore requests release from custody to "prerelease custody placement." (*Id.*, PageID.10.) Respondent filed a motion to dismiss the petition contending that Petitioner's claim is not cognizable under 28 U.S.C. § 2241 and he did not exhaust his administrative remedies. (ECF No. 9.) Respondent further acknowledged that Petitioner's pending release would moot the petition.

While the petition remained pending in this Court, Petitioner was released from custody. The BOP's Inmate Locator indicates that Petitioner is no longer in the BOP's custody as of March 26, 2026.[1] *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/ (providing that Petitioner is not in BOP custody as of March 26, 2026, last accessed on April 1, 2026).

Setting aside Respondent's other arguments supporting dismissal, the Court agrees that the petition is now moot because Petitioner has been released from the BOP's custody. Article III, Section 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. "[M]ootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v.*

---

[1] This Court may take judicial notice of the BOP inmate locator, *see Marshek v. Eichenlaub*, 266 F. App'x 392 (6th Cir. 2008).

*Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986). A habeas petition seeking FSA sentencing credits becomes moot if the BOP grants the credits and releases the petitioner from the sentence. *See Demis v. Sniezek*, 558 F.3d 508, 513 (6th Cir. 2009) (holding that petitioner's release from custody meant that "no actual injury remain[ed] that the Court could redress with a favorable decision"); *e.g., Ward v. Ortiz*, No. 21-CV-6122, 2023 WL 1109574 at *1 (D.N.J. Jan. 30, 2023) ("In this case, Petitioner's request for additional credits under the FSA became moot upon his release from BOP custody." (collecting cases)).

Petitioner sought to have his FSA credits applied to his sentence so that he would be timely released from his federal criminal sentence. *See* generally ECF No. 1. Those credits have been awarded and he is not serving his criminal sentence. *See* ECF No. 9-1, PageID.83 ("A review of Petitioner's FSA Time Credit Assessment dated December 24, 2025 reveals Petitioner was awarded 365 (one year) of FSA Time Credits toward early transfer from BOP custody to supervised release."). Thus, this Court can no longer grant the relief he requested in his Petition—the award of FSA credits to his criminal sentence.

For the reasons explained above, the Court **GRANTS** the motion to dismiss (ECF No. 9) and **DISMISSES AS MOOT** the petition for a writ of habeas corpus (ECF No. 1). Additionally, the Court **DENIES** as **MOOT** Petitioner's emergency motion for expedited ruling (ECF No. 8).

The Court further notes that a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241. *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Petitioner therefore need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the dismissal of his habeas petition. Finally, the Court denies Petitioner permission to appeal in forma pauperis because an appeal of this order could not be taken in good faith. *See* Fed. R. Civ. P. 24(a).

     **SO ORDERED**.

Dated:  April 7, 2026                     <u>s/F. Kay Behm</u>
                                           F. Kay Behm
                                           United States District Judge